UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S MOTION FOR APPOINTMENT OF SPECIAL COUNSEL**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Roger Carroll Burgess ("**Debtor**"), and moves this Court for an Order authorizing him to retain as special counsel on behalf of the Bankruptcy Estate: Matthews & Associates; Freese & Goss; and J. Shafer Law (collectively, "**Special Counsel**") with respect to any and all claims outstanding for injuries and losses resulting from a product liability claim, and respectfully shows this Court as follows:

1. Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States code on August 28, 2017.

2. Trustee was thereafter appointed and remained the duly acting Chapter 7 trustee in this Case. On September 22, 2017, the Case was dismissed for Debtor's failure to pay filing fee. [Doc. No. 12]. On October 6, 2017, the Court entered an Order vacating the dismissal and extending the deadline to object to discharge and dischargeability. [Doc. No. 18].

3. On August 2, 2018, the Court entered an order discharging Debtor and closing the Bankruptcy Estate. [Doc. No. 39].

1

16522355v1

4. On January 20, 2021, Nancy J. Gargula, United States Trustee for Region 21, filed a *Motion to Reopen* after the Trustee was contacted by an attorney representing the Debtor in a product liability case (the "**Litigation**") and a proposed settlement and a proposed net payment to the Debtor (the "**Settlement**"). On January 21, 2021, the Court granted the Motion to Reopen the Case. [Doc. No. 42].

5. Trustee was thereafter reappointed the Chapter 7 trustee in the Case. [Doc. No. 49].

6. Trustee has investigated the Claims related to the Litigation and the proposed Settlement.

7. Trustee has selected Special Counsel for their experience and qualifications in this type of litigation and because Special Counsel has been handling the foregoing Litigation for Debtor. The verified statement of Special Counsel is attached and incorporated herein as Exhibit "A," Exhibit "B," and Exhibit "C," respectively.

8. The professional services Special Counsel may render include:

   (a) To give Trustee legal advice regarding any trial or settlement offer with respect to the Litigation;

   (b) To examine and defend the examination of witnesses in the Litigation matters in deposition, administrative hearings, or at trial;

   (c) To prepare on Plaintiff/Trustee's behalf motions, pleadings, discovery papers, and all other papers reasonably necessary to pursue said Litigation;

   (d) To prepare form of pre-trial orders, prepare the cases for trial, try the cases, and prosecute any appeals or

related proceedings as may arise from the Litigation matters; and

(e) To perform all other legal services for Plaintiff/Trustee in the Litigation matters.

9. On or about April 14, 2014, Debtor entered into a representation agreement with Special Counsel, a true and correct copy of which is attached as Exhibit "D" (the "**Contract**"), to pursue claims pertaining to certain product liability injuries suffered by Debtor. The Contract provides that Special Counsel will be paid 40% of the gross amount paid as settlement proceeds or as satisfaction of any judgment as compensation for legal services rendered in connection with the claim, after a lawsuit is filed. However, any proposed settlement or fee awarded to Special Counsel will be subject to and not binding without approval of the Bankruptcy Court.

10. Special Counsel represents no interest adverse to Trustee or the Bankruptcy Estate in the matters upon which Special Counsel is to be engaged, and the employment of Special Counsel is in the best interests of this Bankruptcy Estate. To the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verifications of Special Counsel, Special Counsel has no connection with Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Disclosure is again made, however, that Special Counsel represented Debtor prior to and after the Petition Date in the Litigation.

11. The Contract will continue as the fee arrangement for Special Counsel, except that compensation of Special Counsel for services rendered and any ordinary and necessary expenses incurred are subject to approval of this Court, following appropriate application and notice. In addition, Trustee has *crossed out* all provisions of the Contract that will not be applicable in Special

3

Counsel's representation of the Trustee and the Bankruptcy Estate, including any rights of Special Counsel to act as attorneys-in-fact on behalf of Trustee or the Bankruptcy Estate, to withhold or deposit settlement funds in Special Counsel's escrow account, and to hire or associate in other attorneys. In addition, Trustee has removed and is not agreeing to any arbitration provisions in the Contract.

12. Trustee proposes that Special Counsel be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to Special Counsel except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that this Motion be granted, enabling him to retain Special Counsel as special counsel for such purposes as requested herein and that the Court grant such other relief as is just and proper.

Respectfully submitted this 13th day of May, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

16522355v1

EXHIBIT "A"

RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am an attorney of the law firm Matthews & Associates, 2905 Sackett Street, Houston, Texas 77098 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Roger Carroll Burress ("**Debtor**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Debtor in a matter related to a product liability claim, which is the exact matter for which Trustee is seeking employment of the Firm as Special Counsel.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Burgess, Ch. 7, Case No. 17-64941-SMS, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contract for Services (Exhibit "D" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, and (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7. I further represent and warrant that the Firm maintains errors and omissions

16522355v1

insurance coverage in the amount of $ 5 million and has provided the declaration page of its policy to Trustee.

8. I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 11th day of May, 2021.

*[Signature]*
Wendy C. Elsey
Texas Bar No. 24053186

16522355v1

**EXHIBIT "B"**

**RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS**

The undersigned hereby declares under penalty of perjury:

1. I am an attorney of the law firm Freese & Goss, 3500 Maple Ave., Ste. 1100, Dallas, Texas 75219 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Roger Carroll Burress ("**Debtor**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Debtor in a matter related to a product liability claim, which is the exact matter for which Trustee is seeking employment of the Firm as Special Counsel.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Burgess, Ch. 7, Case No. 17-64941-SMS, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contract for Services (Exhibit "D" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, and (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7. I further represent and warrant that the Firm maintains errors and omissions

16522355v1

insurance coverage in the amount of $ 2  million and has provided the declaration page of its policy to Trustee.

8.I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9.The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 11th day of May, 2021.

_____
Peter de la Cerda
Texas Bar No. 24045769

16522355v1

# EXHIBIT "C"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am an attorney of the law firm Monroe Law Group (successor firm of J. Shafer Law), which is located at 7668 El Camino Real, Suite 104607, Carlsbad, California 92009 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Roger Carroll Burress ("**Debtor**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, his creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth below. Disclosure is made that the Firm has represented and does represent Debtor in a matter related to a product liability claim, which is the exact matter for which Trustee is seeking employment of the Firm as Special Counsel.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Burgess, Ch. 7, Case No. 17-64941-SMS, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contract for Services (Exhibit "D" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless the Trustee and Bankruptcy Court authorize it. I also acknowledge, understand, and agree that all parts of the Contract that have been marked out shall not apply in the Trustee's employment of the Firm.

6. I further acknowledge, understand, and agree that (a) only the Trustee can authorize, and the Bankruptcy Court in this case approve, a settlement of the subject claims, (b) no settlement is binding or valid unless authorized by the Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to the Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my Firm, and (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by the Trustee, of my fees and expenses will I or my Firm be entitled to be paid such compensation and receive reimbursement of such expenses by the Trustee.

7. I further represent and warrant that the Firm maintains errors and omissions

16522355v1

insurance coverage in the amount of $1 million and has provided the declaration page of its policy to Trustee.

8. I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 11th day of May, 2021.

                                                                                                            Jeremy C. Shafer
                                                                                                            California Bar No. 235318

16522355v1

## EXHIBIT "D" FOLLOWS

16522355v1

## MATTHEWS & ASSOCIATES and FREESE & GOSS
## and J.SHAFER LAW

### Contract and Power of Attorney

Agreement between ROGER C. BURGESS (***Client***) residing at 1601 SUGAR PLUM DRIVE CONYERS GA 30094 (Address), telephone number 4048090288, (hereinafter referred to as the ***Client***), and MATTHEWS & ASSOCIATES of 2905 Sackett Street, Houston, Texas 77098 and FREESE & GOSS of 3031 Allen Street, Suite 200, Dallas, Texas 75204 and **J.Shafer Law** of 1010 Turquoise Street, Suite 201, San Diego, CA 92109 (hereinafter referred to as the ***Attorney***), on this 14 day of APRIL, 2014, at Houston, Texas.

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

### I.   PURPOSE OF REPRESENTATION

Client hereby fully employs Attorney on a contingent fee basis to manage and handle, as deemed necessary, all claims and causes of action, suit or suits, that may grow out of the same, against any wrongful party, and to prosecute said causes for and on Client's behalf, with or without suit, and to recover all damages and compensation to which Client may be entitled as well as to compromise and settle all claims arising out of the Client's injuries resulting from the use of testosterone supplement(s) or therapy (medication(s) or device(s)) ("Action"). Potential claims against physicians or healthcare providers are not covered by this contract. No claim will be filed against Client's doctor(s) without consultation and consent of the Client.

Client agrees that although Attorney will investigate and evaluate Client's possible claim(s) against the manufacturers of said medication(s) or device(s), as well as against any other potentially liable party as Attorney deems appropriate, Attorney reserves the right not to pursue those claims on Client's behalf that Attorney deems to be of insufficient merit or not otherwise in Client's best interests.

Client and Attorney further agree that if, after investigation of the facts and research of the law, Attorney believes that Client's claims, in general, are of insufficient merit, Attorney may terminate this agreement with Client and said termination will release Attorney from any further action on Client's claim, and discharge Attorney from this employment agreement. Termination will be effected via certified mail with return receipt requested or via delivery service with signature receipt to the last address provided by Client to Attorney.

### II.  ATTORNEYS' FEES

Except as may otherwise be required by law, if Client recovers any compensation in connection with the Action, then Client does hereby assign and convey to Attorney the following undivided interest in the total recovery for Client's claim, plus costs and expenses pursuant to Sections III and IV below:

| | |
|---|---|
| 40% | if settlement is made before suit is filed thereon; |
| 45% | of any recovery if Client's case is settled, resolved, or adjudicated AFTER a lawsuit is filed; |
| 50% | of any recovery if Client's case is settled, resolved, or adjudicated AFTER a notice of appeal has been given. |

**Matthews & Associates, Freese & Goss, and J.Shafer Law will assume joint responsibility for representation of the Client in this matter.** The referral arrangement will in no way change the total

Attorneys' fee paid by Client as specified in this contract. This is merely an agreement between Attorneys of the division of the total percentage of Attorneys' fees collected. The division of any attorneys' fees earned are as follows: Matthews & Associates will collect a legal fee of 45% of the total fees earned; and Freese & Goss will collect a legal fee of 45% of the total fees earned; and J.Shafer Law will collect a legal fee of 10% of the total fees earned.

~~Matthews & Associates, Freese & Goss, and J.Shafer Law, reserve the right to refer this Action to associate other competent counsel in connection with this claim.~~

Attorney will be financially compensated by the Client ONLY if a recovery is made.

Client grants Attorney all liens permitted by Texas law on any recovery by Client arising out of the above-specified ingestion or incident, whether by way of settlement, judgment, or other basis. In the event that Attorney's assigned and undivided interest is determined to be unenforceable in any way, Client agrees to pay Attorney the amount(s) specified above as attorney's fees for this representation. The Attorney's assigned interest or contingent fee shall be computed on the total recovery prior to deductions for costs, expenses, medical liens, or other disbursements.

If a settlement includes future or periodic annuity payments to client, Attorney fees will be paid out of the initial cash payment. The basis for the Attorney fees will be the total value of the entire settlement, if the value can be determined after reasonable efforts. If the value cannot be determined, the basis will be the present value of the settlement.

## ~~III. OTHER SPECIALIZED COUNSEL~~

~~Attorney does not ordinarily handle estate/probate or bankruptcy matters, and this Agreement does not include any such representation by Attorney. However, because probate/estate and bankruptcy matters sometimes arise in connection with this type of matter, the services of outside probate and/or bankruptcy counsel are sometimes necessary. Client authorizes Attorney to retain outside probate and/or bankruptcy counsel on Client's behalf if, in Attorney's opinion, the services of such counsel become necessary. Client understands and agrees that, if retained, probate and/or bankruptcy counsel will bill Client (in care of Attorney) separately for its services at its normal hourly rates as of the time such services are rendered, and for reimbursement of its reasonable costs and expenses. Client further understands and agrees that probate and/or bankruptcy counsel's fees will be separate from, and shall be over and above, the fee that Attorney shall receive as described above. However, Attorney shall advance such hourly fees and expenses to probate and/or bankruptcy counsel, and Client agrees to reimburse Attorney for those advances (or, if applicable, for Client's proportionate part of those advances) from Client's recovery, if any. Client understands that the services of probate and/or bankruptcy counsel may, in some instances, jointly benefit multiple clients, and if that occurs, the fees and expenses of such counsel may be divided equally or pro rata among such clients.~~

~~In some instances, it may be necessary, or in Client's best interests, for Attorney to retain other special outside counsel to assist on matters other than prosecuting Client's claims for damages. For example: a defendant may attempt to fraudulently transfer some of its assets to avoid paying the Client's claim; or the facts and circumstances of a particular case may require an ethics opinion from outside counsel; or a separate lawsuit may need to be filed against a defendant's insurance company; or specialized lien resolution experts may be able to negotiate a reduction of medical or other government liens on Client's recovery. Client agrees that Attorney may retain such special outside counsel to assist with Client's representation when Attorney deems such assistance to be reasonably necessary, and that the fees for such counsel will be deducted from Client's share of the recovery, to the extent permitted by law.~~

## IV. COURT COSTS AND EXPENSES

In the course of handling litigation it is necessary to incur expenses. Examples of these expenses include, but are not limited to, court costs (including filing fees, mediation fees, and subpoenas), deposition and video costs, expert witnesses expenses, meeting expenses, investigation expenses, witness expenses, transportation costs, photography costs, photocopy and exhibit costs, fax and postage costs, research expenses, long distance telephone costs, delivery services, and the costs of obtaining relevant medical records. Client understands that Attorney may from time to time, use separate entities in which Attorney may have an indirect financial interest to obtain and review medical records necessary for the prosecution of Client's claim, as well as provide expert witness opinions regarding the injury(ies) Client claims are associated with the use of the medication(s) or device(s) in question. Client understands that rates charged by such separate entities will be market rates and that such charges will be borne by the Client.

Expenses and court costs incurred by Attorney in the handling of this matter will be deducted from Client's share of the recovery, after deduction of Attorney fees. If no recovery is made, there will be no fees or expense reimbursements due to Attorney by Client.

~~Client agrees that Attorney may borrow money from a commercial bank at a reasonable interest rate to finance the cost and expenses of litigation, and that the interest or finance costs for such a loan will be treated as an expense of litigation to be reimbursed by Client in the event of a recovery.~~

Additionally, Client understands that Attorney may incur certain expenses that jointly benefit multiple claims against the same Defendant(s). Client agrees that Attorney may divide such expenses between benefited claimants either by per capita share based on number of claimants or by pro rata share based on each claimant's percentage of the total group recovery.

## V. REIMBURSEMENT/LIEN ISSUES

Client understands that Attorney may be required, on behalf of Client, to satisfy any Medicare, Medicaid, private insurance, and/or hospital and medical liens on Client's recovery at the time of settlement. Satisfaction of these amounts will be from Client's share of the recovery. Client agrees to keep Attorney informed of the nature and extent of all bills, liens and related correspondence from any health care provider or insurance company. ~~Client agrees that, if it is likely to be cost-effective for Client, Attorney may retain specialized lien counsel/experts to assist with, and expedite, the resolution of Client's liens, with the costs of such lien resolution assistance to be paid out of Client's share of the recovery, to the extent permitted by law.~~

## VI. GOVERNMENT BENEFITS ISSUES

Client understands that any verdict or settlement might adversely affect some forms of public assistance that Client may receive, including need-based government benefits such as Social Security, Medicare, Medicaid, food stamps, subsidized housing, etc. Client understands that Attorney does not represent Client for purposes of applying for, obtaining, or protecting Client's ongoing receipt of such benefits; rather, Client understands that the purpose of this section is to inform Client of the potential impact that verdict or settlement may have on Client's eligibility for present or future government benefits. Client understands that Client must explore with appropriate specialists his or her options to preserve those benefits before receiving a recovery, whether by verdict or settlement, or that Client's options to do so might be compromised.

## ~~VII. RECOVERY~~

~~Client authorizes Attorney to collect or receive all recoveries by way of settlement, judgment, or other basis. Attorney is authorized to deposit all recoveries in Attorney's client trust account, to retain the agreed~~

~~percentage as attorney's fees, to reimburse Attorney for costs and expenses incurred as referenced in Sections III and IV, to notify client of any medical, insurance, and/or government benefits liens to be resolved and, subject to the appropriate resolution of any medical, insurance, and/or government benefits liens, to disburse the remainder of Client's share of the proceeds to Client.~~

## VIII. COOPERATION OF CLIENT

Client shall keep Attorney advised of his/her current address and telephone numbers at all times, shall appear on reasonable notice at any and all depositions and court appearances, and shall comply with all reasonable requests of Attorney in connection with the preparation and presentation of Client's claim and causes of action. Client agrees not to sign any compromise or accept any sum for reimbursement or other purposes in whole or in part arising out of the above-specified incident without first consulting with Attorney. Client further agrees not to contact directly the defendant(s) or opposing counsel regarding Client's matter, and to notify Attorney if the defendant(s) or opposing counsel contacts Client directly. Client shall provide truthful and accurate information to Attorney in connection with Attorney's preparation and presentation of the aforesaid claim and cause of action. Any material misrepresentation by Client to Attorney concerning the claim or Client's background and personal history constitutes material breach of this contract.

## IX. WITHDRAWAL OF ATTORNEY

Client acknowledges that Attorney will be investigating the law and facts applicable to Client's claims on a continuing basis. Should Attorney learn something which in the opinion of Attorney makes it impractical or imprudent for Attorney to proceed with the handling of Client's claim, or if Attorney determines that continued representation will result in an unreasonable financial burden to Attorney or has been rendered unreasonably difficult by Client, then Attorney may take all appropriate steps to withdraw from further representation of Client. Attorney will notify Client of a decision to undertake to withdraw from representing Client via certified mail to the last address provided by Client.

## X. TERMINATION OF REPRESENTATION BY CLIENT

Client can terminate Attorney's representation of Client at any time by providing written notice to Attorney at the address of their principal offices. Should Client elect to terminate Attorney's representation prior to the full conclusion of Attorney's services under this Agreement, Client understands that Attorney may have a claim under applicable state law for expenses of litigation, other disbursements, and attorneys' fees which will become due upon receipt by Client or by any successor attorney of any proceeds for Client's claim. ~~The provisions of this Agreement will not terminate upon the death of Client whose signature appears below. In the event of the death of Client, any duly appointed Representative of Client's Heirs and/or Estate will be bound by this Agreement to the extent allowed by applicable law. In particular, any such Representative will be bound by the provisions of this Agreement relating to the recovery of attorneys' fees and costs and other expenses.~~

## XI. BANKRUPTCY

Client agrees to promptly notify Attorney of any bankruptcy filing by Client. Client understands that filing for bankruptcy may affect Client's ability to retain some or all of any recovery in this matter.

## XII. GROUP LITIGATION/SETTLEMENT

Client understands that Attorney may determine that it is in Client's best interest for Client's case to be filed and/or go to trial with a larger group of claimants with similar claims against the same defendant(s). Client further understands that one or more defendants may offer to settle Client's case, or Attorneys may

negotiate an offer to settle Client's case, as part of a larger group of claimants. Client retains the right to accept or reject any such settlement offers. Client gives permission to Attorney to disclose Client's injury category, gross settlement offer amount, net settlement offer amount, or other material terms of Client's settlement offer to other claimants also represented by Attorneys who may receive settlement offers as part of the same Settlement Agreement, to the extent that such disclosure is necessary to comply with any applicable court orders, and/or applicable rules of legal ethics. Additionally, Client understands that if a dispute subsequently arises between clients represented by Attorney that the attorney-client privilege may not be available for assertion by Client against other clients represented by Attorney.

## XIII. ADDITIONAL CO-COUNSEL

~~Attorney is authorized to employ or to associate other counsel, other than the specialized counsel referenced in Section III above, as required to assist in prosecuting Client's claims and causes of action. Attorney will provide Client appropriate notice of any such proposed retentions of additional co-counsel.~~

## ~~XIV. EXECUTION AUTHORITY~~

~~Client gives Attorney a limited General Power of Attorney to execute any and all documents connected with Attorney's representation of Client, including but not limited to pleadings, contracts, checks, settlement agreements, compromises, and orders and all other documents that Client could properly execute. Client gives Attorney permission to consolidate Client's cause of action and to allocate expenses in accordance with the other sections of this Agreement. Attorney will not settle or compromise Client's cause of action and claims without Client's approval. Attorney is authorized and empowered to act as Client's negotiator in any and all settlements concerning the subject of this Agreement.~~

## XV. GENERAL PROVISIONS

A. ~~TEXAS~~ **[Georgia] LAW TO APPLY**. This agreement shall be construed under and in accordance with the laws of the State of ~~Texas~~ [Georgia], and all obligations of the parties created herein are performable in ~~Harris County, Texas.~~ [Fulton County, Georgia.]

B. **PARTIES BOUND.** This agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns.

C. **LEGAL CONSTRUCTION.** In case any provision or provisions contained in this agreement shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any of the other provisions thereof, and this agreement shall be construed as if the invalid, illegal, or unenforceable provision had never been contained herein.

D. **PRIOR AGREEMENTS/MODIFICATION.** This agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter within. Further, any modification of this agreement will be of no effect unless written and signed by Client and Attorney.

## ~~XVI. ARBITRATION~~

Client agrees that any and all disputes, controversies, claims or demands arising out or relating to this agreement or any provision hereof, including the services by attorneys to clients, distribution of settlement proceeds, expenses charged, fees paid to forwarding attorneys, or any other matter relating to the relationship between attorneys and clients, whether in contact, tort, or otherwise, at law or in equity, including issues concerning conflicts of interest, fiduciary relationships between attorneys and clients, costs and/or expenses, for damages or any other requested relief, shall be resolved by binding arbitration utilizing the American Arbitration Association and applying the Association's commercial arbitration rules. Any such arbitration proceeding shall be conducted in Harris County, Texas, and a panel of three (3) arbitrators will be utilized.

Attorney will select and compensate one (1) arbitrator and Client will select and compensate one (1) arbitrator. The third arbitrator will be chosen by the arbitrators selected by the Attorney and the Client. The cost for the third arbitrator and the expenses of the arbitration will be borne in equal share by Attorney and Client.

This arbitration provision shall be enforceable in either federal or state court in Harris County, Texas. Any party to any award rendered in such arbitration proceeding may seek a judgment upon the award, and that judgment may be entered by a federal or state court in Harris County, Texas, having jurisdiction.

Client understands that there exist the following possible advantages and disadvantages of mandatory arbitration as compared to a judicial resolution of disputes: (1) arbitration frequently is less costly to the participants than judicial proceedings, and frequently results in a quicker resolution of a dispute; (2) the parties each lose their right to a jury trial when they agree to mandatory arbitration; (3) arbitration may involve a reduced level of discovery and a relaxed application of the rules of evidence relative to judicial proceedings; (4) arbitration decisions can be challenged only on very limited grounds compared to the decision in a judicial proceeding which the losing party can usually appeal; and (5) the arbitration process is usually a confidential and private process, unlike a public trial or other judicial proceeding.

Client affirms that he/she has had the opportunity to ask Attorney, or other individuals of Client's choosing, any questions he/she may have about this mandatory arbitration process, and has had those questions answered to Client's satisfaction.

## XVII. ACKNOWLEDGMENTS

Client acknowledges that Attorney may file a claim or lawsuit on Client's behalf. Client affirms that he or she is not currently represented by any other law firm or attorney relating to the claims for which he or she has retained Attorney under this Agreement. Client acknowledges that Attorney cannot warrant or guarantee the outcome of the case, and that Attorney has not represented that Client will recover any damages, compensation or other funds, nor made any other guarantees or assurances about the likelihood of success of Client's case. Client understands that obtaining a judgment does not guarantee that the opposing parties will be able or willing to satisfy the judgment. Client affirms that Client has read this Contract and Power of Attorney in its entirety, that Client fully understands the terms and conditions of the same, and agrees to abide by the terms hereof.

EXECUTED on the day and year first above written.

_____  
MATTHEWS & ASSOCIATES

_____  
FREESE & GOSS

_____  
CLIENT (Signature)

ROGER C. BURGESS  
CLIENT (Printed Name)

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing *TRUSTEE'S MOTION FOR APPOINTMENT OF SPECIAL COUNSEL* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Roger Carroll Burgess
2612 Leland Drive
Augusta, GA 30909

Wendy C. Elsey
Matthews & Associates
2905 Sackett Street
Houston, TX 77098

Peter de law Cerda
Freese & Goss
3031 Allen Street, Suite 200
Dallas, TX 75204

Jeremy Shafer
J.Shafer Law
1010 Turquoise Street, Suite 201
San Diego, CA 92109

This 13th day of May, 2021.

                    */s/ Michael J. Bargar*
                    Michael J. Bargar
                    Georgia Bar No. 645709

16522355v1