UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR APPROVAL OF SETTLEMENT OF PRODUCT LIABILITY CLAIM UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND REQUEST TO MAKE CERTAIN PAYMENTS IN ACCORDANCE WITH SAME

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Roger Carroll Burgess ("**Debtor**"), by and through undersigned counsel, and files this *Motion for Approval of Settlement of Product Liability Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* (the "**Motion**"), and respectfully shows this Court the following:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### Background

*a. General Background*

2. On August 28, 2017 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 17-64941-SMS (the "**Bankruptcy Case**").

17068795v1

3. Trustee was thereafter appointed and remained the duly acting Chapter 7 trustee in this Case. On September 22, 2017, the Case was dismissed for Debtor's failure to pay filing fee. [Doc. No. 12]. On October 6, 2017, the Court entered an Order vacating the dismissal and extending the deadline to object to discharge and dischargeability. [Doc. No. 18].

4. On August 2, 2018, the Court entered an order discharging Debtor and closing the Bankruptcy Estate. [Doc. No. 39].

5. On January 20, 2021, Nancy J. Gargula, the then acting United States Trustee for Region 21, filed a *Motion to Reopen* after the Trustee was contacted by an attorney representing the Debtor in a product liability case (the "**Litigation**") and regarding a proposed settlement and a proposed net payment to the Debtor (the "**Settlement**") regarding a pre-petition product liability claim (the "**Claim**"). On January 21, 2021, the Court granted the Motion to Reopen the Case. [Doc. No. 42].

6. Trustee was thereafter reappointed the Chapter 7 trustee in the Case. [Doc. No. 49].

7. Trustee has investigated the Claims related to the Litigation and the proposed Settlement.

8. On February 25, 2021, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 60], and the Court entered an *Order* [Doc. No. 62] on February 26, 2021 appointing Arnall Golden Gregory LLP as attorneys for Trustee.

9. The deadline to file proofs of claim in this Case was May 5, 2021. [Doc. No. 54].

*b. The Claim*

10. At the commencement of the Bankruptcy Case, a bankruptcy estate was created for under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property acquired after commencement of the case. 11 U.S.C. § 541(a)(1) and (7) (2017).

17068795v1

11.    The Claim is property of the Bankruptcy Estate.

12.    On May 13, 2021, Trustee filed *Trustee's Motion for Appointment of Special Counsel* [Doc. No. 68], and the Court entered an *Order* [Doc. No. 69] on May 14, 2021, authorizing the retention of Matthews & Associates; Freese & Goss; and J. Shafer Law (collectively, "**Special Counsel**") as special counsel for Trustee.

*c. Debtor's Allowed Exemption*

13.    On April 8, 2021, the Court entered an order allowed Debtor a claimed exemption in the Claim in the amount of $21,160 (the "Exemption").  [Doc. No. 66].

*d. The Proposed Settlement*

14.     Following negotiations, and subject to the approval of this Court, the Claim has been settled (the "**Settlement**").

15.    An offer has been made to settle the Claim for a total gross settlement amount of $115,530.95 ("**Gross Settlement Amount**").

16.    The aggregate settlement funds are currently held in a settlement trust, which includes the funds of the Claim. The trust has been approved as a Qualified Settlement Fund ("**QSF**") by the settlement court, which retains continuing jurisdiction over the QSF, including all payments from the settlement trust. The Trustee of the QSF (the "**Settlement Fund Trustee**") has been approved to oversee the distribution of funds from the QSF and all payments from the QSF shall be made by the Settlement Fund Trustee.

17.    In accordance with the terms of the Settlement Agreement, a portion of the Settlement Award will be used to satisfy all medical claims related to or arising from the Claim. Pending the Court's approval, the holders of these claims have agreed to certain reductions in the amounts owed to satisfy their claims or demands related to or arising from the Claim. These reductions are set forth in the settlement statement attached hereto and incorporated herein by reference as Exhibit

17068795v1

"A" (the "**Settlement Statement**").  Certain fees, costs and expenses under the settlement must be paid and/or withheld by the Settlement Fund Trustee and paid to the appropriate recipients. If awarded by the Court,[1] Special Counsel will be paid fees in the amount of $46,212.38 (or 40% of the gross settlement amount of $115,530.95, less costs) and reimbursement of expenses.  If approved by the Court, the Medical Lien Holders will be paid a total of $9,409.78. If approved by the Court, the administrative expenses will be paid in the amount of $11,112.54 pursuant to the court-ordered QSF administration.[2] Upon the terms of the settlement being satisfied, and the fees, costs and expenses set forth above being paid by the Settlement Fund Trustee, the net remaining balance of the settlement proceeds, in the anticipated amount of $48,796.25 (the "**Net Proceeds**"), shall be authorized to be distributed by the Settlement Fund Trustee to Trustee.

18. As a result, and after payment of Debtor's allowed Exemption, the Bankruptcy Estate will have available for distribution under 11 U.S.C. § 726 the remaining $27,636.25, calculated as follows:

| Gross Settlement | $115,530.95 |
|---|---|
|  |  |
| Satisfaction of Medical Liens | $9,409.78 |
| Costs and Expenses | $11,112.54 |
| Special Counsel Attorney's Fees | $46,212.38 |
| Debtor's Exemption | $21,160.00 |
|  |  |
| **Net to Estate** | **$27,636.25** |

**Relief Requested**

19. Trustee requests an order from the Court approving the Settlement and authorizing

---

[1]  Contemporaneously with the filing of this Motion, Trustee has filed an application to approve the fees and expenses of Special Counsel.  A portion of the fees awarded will be paid to a plaintiff steering committee, as ordered by the United States District Court.

[2]  These expenses are further explained in the Settlement Statement attached hereto as Exhibit "A".

17068795v1

Trustee to settle the interest of the Estate in the Claim under the terms set forth herein.

20. Trustee requests authority for the Settlement Fund Trustee, on behalf of the Trustee or as a constructive distribution under 11 U.S.C. §326, to pay the above noted fees and costs, including the medical liens at the reduced amounts set forth in the attached Exhibit "A."

21. Trustee requests authority from the Court to pay Debtor his allowed Exemption.

## Basis for Relief Requested

22. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

23. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

24. Under the standard set forth above, Trustee believes that the Court should grant the Motion and approve the Settlement.

25. Trustee asserts that the terms of the Settlement fall well within the range of reasonableness for a settlement of this matter and will meaningfully benefit the Debtors' Bankruptcy Estate and its creditors, and therefore respectfully requests that the Court grant the Motion.

17068795v1

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion; approve the Settlement; authorize Trustee, through the Settlement Fund Trustee, to make the payments requested herein; and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 17th day of September, 2021.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

        By:*/s/ Michael J. Bargar*
          Michael J. Bargar
          Ga. Bar No. 645709
          michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500/Fax: (404) 873-8501

17068795v1

**EXHIBIT "A" FOLLOWS**

17068795v1

| | | |
|---|---|---|
| 2905 SACKETT STREET<br>HOUSTON, TEXAS 77098<br>888-520-5207<br>713-535-7135 FAX | **MATTHEWS & ASSOCIATES**<br>ATTORNEYS & COUNSELORS AT LAW<br>www.dmlawfirm.com | 244 FIFTH AVENUE # 2882<br>NEW YORK, NEW YORK 10001<br>888-520-5207<br>FAX 713-535-7135 |

## STATEMENT

**Claimant: Roger Burgess**　　　　　　**Case No. 307776**　　　　　　**December 8, 2020**

**TOTAL GROSS SETTLEMENT:** ............................................................................................ $ 115,530.95

**GROSS ATTORNEYS' FEES*** **(40% of Gross Payment):** ........................................... LESS: $ 46,212.38

*Per contract. Multiple law firms are sharing the attorney's fees and this does NOT in any way increase your TOTAL fees paid.

**The total attorneys' fees will be divided as follows:**
- Court Appointed Common Benefit Attorneys ............................. $ 16,751.99
- Matthews & Associates ............................................................... $ 13,257.18
- Freese & Goss ............................................................................. $ 13,257.18
- J.Shafer Law ................................................................................ $  2,946.04

**SUBTOTAL (after fees)** ........................... $ 69,318.57

**COSTS & EXPENSES:** .............................................................................................. LESS: $ 11,112.54

**Details:**
- Court Ordered Common Benefit Assessment Expenses ................ $ 5,776.55
- General Expenses ........................................................................ $ 4,195.25
- Case Expenses ............................................................................. $ 1,140.74

**SUBTOTAL (after fees & expenses)** ...... $ 58,206.03

**LIENS:** ........................................................................................................................ LESS: $ 9,409.78

**Details:**
- Private Lien - Finalized ................................................................ $ 8,734.78
- Medicare Lien - Finalized ............................................................ $     0.00
- Medicaid Lien - Finalized ............................................................ $     0.00
- Less Lien Resolution Fee ............................................................. $   475.00
- Less Medicare/Medicaid VOE Fees ............................................ $   100.00
- Less QSF Administration Fees .................................................... $   100.00
- EIC Fee ........................................................................................ $     0.00

**CLAIMANT'S NET SHARE OF GROSS PAYMENT ****................................. $ 48,796.25

**By cashing the enclosed check, the Client named above:**
- approves the foregoing accounting and authorizes disbursements as listed above;
- acknowledges that his/her attorneys and their employees are not on notice of any right of subrogation (unless reflected above), and if any other party/company/provider has subrogation rights or an assigned interest, Client agrees to pay for the same;
- Death cases only: By cashing this check, client represents that he/she has been authorized by the Estate of the decedent, if any, or any individual holding a superior interest in these settlement proceeds, to receive the settlement funds herein. Client further acknowledges that if there are others entitled to some or all of the settlement proceeds, he/she is accountable to them.

**\*\*Claimant's Net Share of Gross Payment equals TOTAL GROSS SETTLEMENT minus GROSS ATTORNEYS' FEES minus COSTS & EXPENSES minus LIENS**

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement of Product Liability Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Roger Carroll Burgess
2612 Leland Drive
Augusta, GA 30909

Wendy C. Elsey
Matthews & Associates
2905 Sackett Street
Houston, TX 77098

Peter de law Cerda
Freese & Goss
3031 Allen Street, Suite 200
Dallas, TX 75204

Jeremy Shafer
J.Shafer Law
1010 Turquoise Street, Suite 201
San Diego, CA 92109

This 17th day of September, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17068795v1