UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S APPLICATION FOR FINAL COMPENSATION
OF SPECIAL COUNSEL AND REQUEST
FOR AUTHORIZATION TO PAY COMPENSATION**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Roger Carroll Burgess ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Application for Final Compensation of Special Counsel and Request for Authorization to Pay Compensation and Reimbursement of Expenses* (the "**Application**") seeking allowance of final compensation of $46,212.38 (or 40% of the gross settlement amount of $115,530.95) and reimbursement of expenses in the amount of $5,335.99, and respectfully shows this Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

17068806v1

## Background

### *a. General Background*

1. On August 28, 2017 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 17-64941-SMS (the "**Bankruptcy Case**").

2. Trustee was thereafter appointed and remained the duly acting Chapter 7 trustee in this Case. On September 22, 2017, the Case was dismissed for Debtor's failure to pay filing fee. [Doc. No. 12]. On October 6, 2017, the Court entered an Order vacating the dismissal and extending the deadline to object to discharge and dischargeability. [Doc. No. 18].

3. On August 2, 2018, the Court entered an order discharging Debtor and closing the Bankruptcy Estate. [Doc. No. 39].

4. On January 20, 2021, Nancy J. Gargula, the then acting United States Trustee for Region 21, filed a *Motion to Reopen* after the Trustee was contacted by an attorney representing the Debtor in a product liability case (the "**Litigation**") and regarding a proposed settlement and a proposed net payment to the Debtor (the "**Settlement**") regarding a pre-petition product liability claim (the "**Claim**"). On January 21, 2021, the Court granted the Motion to Reopen the Case. [Doc. No. 42].

5. Trustee was thereafter reappointed the Chapter 7 trustee in the Case. [Doc. No. 49].

6. Trustee has investigated the Claims related to the Litigation and the proposed Settlement.

7. On February 25, 2021, Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 60], and the Court entered an *Order* [Doc. No. 62] on February 26, 2021 appointing Arnall Golden Gregory LLP as attorneys for Trustee.

8. The deadline to file proofs of claim in this Case was May 5, 2021. [Doc. No. 54].

17068806v1

*b. The Claim*

9. At the commencement of the Bankruptcy Case, a bankruptcy estate was created for under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property acquired after commencement of the case. 11 U.S.C. § 541(a)(1) and (7) (2017).

10. The Claim is property of the Bankruptcy Estate.

11. On May 13, 2021, Trustee filed *Trustee's Motion for Appointment of Special Counsel* [Doc. No. 68], and the Court entered an *Order* [Doc. No. 69] on May 14, 2021, authorizing the retention of Matthews & Associates; Freese & Goss; and J. Shafer Law (collectively, "**Special Counsel**") as special counsel for Trustee.

*c. Debtor's Allowed Exemption*

12. On April 8, 2021, the Court entered an order allowed Debtor a claimed exemption in the Claim in the amount of $21,160 (the "Exemption"). [Doc. No. 66].

*d. The Proposed Settlement and Fees and Expenses*

13. Following negotiations, and subject to the approval of this Court, the Claim has been settled (the "**Settlement**").

14. An offer has been made to settle the Claim for a total gross settlement amount of $115,530.95 ("**Gross Settlement Amount**").

15. The aggregate settlement funds are currently held in a settlement trust, which includes the funds of the Claim. The trust has been approved as a Qualified Settlement Fund ("**QSF**") by the settlement court, which retains continuing jurisdiction over the QSF, including all payments from the settlement trust. The Trustee of the QSF (the "**Settlement Fund Trustee**") has been

17068806v1

approved to oversee the distribution of funds from the QSF and all payments from the QSF shall be made by the Settlement Fund Trustee.

16. In accordance with the terms of the Settlement Agreement, a portion of the Settlement Award will be used to satisfy all medical claims related to or arising from the Incident. Pending the Court's approval, the holders of these claims have agreed to certain reductions in the amounts owed to satisfy their claims or demands related to or arising from the Claim. These reductions are set forth in the settlement statement attached hereto and incorporated herein by reference as Exhibit "A" (the "**Settlement Statement**").  Certain fees, costs and expenses under the settlement must be paid and/or withheld by the Settlement Fund Trustee and paid to the appropriate recipients. If awarded by the Court,[1] Special Counsel will be paid fees in the amount of $46,212.38 (or 40% of the gross settlement amount of $115,530.95, less costs) and reimbursement of expenses in the amount of $5,335.99.  If approved by the Court, the Medical Lien Holders will be paid a total of $9,409.78. If approved by the Court, the administrative expenses will be paid in the amount of $11,112.54 pursuant to the court-ordered QSF administration.[2] Upon the terms of the settlement being satisfied, and the fees, costs and expenses set forth above being paid by the Settlement Fund Trustee, the net remaining balance of the settlement proceeds, in the anticipated amount of $48,796.25 (the "**Net Proceeds**"), shall be authorized to be distributed by the Settlement Fund Trustee to Trustee.

---

[1] Herein, Trustee is seeking the approval of Special Counsel's Fees.

[2] These expenses are further explained in the Settlement Statement attached to the settlement motion (filed contemporaneously with this application) as Exhibit "A".

17068806v1

17. As a result, and after payment of Debtor's allowed Exemption, the Bankruptcy Estate will have available for distribution under 11 U.S.C. § 726 the remaining $27,636.25, calculated as follows:

| Gross Settlement | $115,530.95 |
|---|---|
|  |  |
| Satisfaction of Medical Liens | $9,409.78 |
| Costs and Expenses | $11,112.54 |
| Special Counsel Attorney's Fees | $46,212.38 |
| Debtor's Exemption | $21,160.00 |
|  |  |
| **Net to Estate** | **$27,636.25** |

## Relief Requested and Basis for Same

18. Trustee requests an order from the Court approving as a final fee award the fees and reimbursement of the expenses of Special Counsel in the amounts of $46,212.38 and $5,335.99,[3] respectively, and authorizing Trustee to pay the same through the Settlement Fund Trustee.

19. A portion of the fees awarded will be paid to a plaintiff steering committee, as ordered by the United States District Court.

20. Trustee respectfully shows that the final compensation requested by Special Counsel satisfies the standards and guidelines set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and *In Re First Colonial Corporation*, 544 F.2d 1291 (5th Cir. 1977), as amplified by *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

---

[3] The $5,335.99 in expenses are the sum total of case expenses of $1,140.74 and general expenses of $4,195.25. The details for the case expenses are attached hereto as Exhibit "A."

17068806v1

WHEREFORE, Trustee requests that this Court grant the Application and approve the compensation of Special Counsel in the amount of $46,212.38 as full and final compensation for representation in and litigating the Claim and expenses in the amount of $5,335.99.

Respectfully submitted this 17th day of September, 2021.

> ARNALL GOLDEN GREGORY LLP
> *Attorneys for Trustee*
>
> By:*/s/ Michael J. Bargar*
> Michael J. Bargar
> Ga. Bar No. 645709
> michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500/Fax: (404) 873-8501

17068806v1

**EXHIBIT "A" FOLLOWS**

17068806v1

| Burgess, Mr. Roger (307776) | 307776 | LWT | 1,140.74 | | | Totals | |
|---|---|---|---|---|---|---|---|
| 581374 | 307776 | 11/30/2015 | 400.00 | FILING FEE | Filing Fees with Court | USDC, Northern District of Illinois | 25OLFJ31 |
| 879255 | 307776 | 7/20/2020 | 2.20 | GENERAL | DO NOT USE - delivery, postage, copies, telephone | Pacer Service Center | Legal Research:17-64941-SMS - PARTY LIST |
| 522174 | 307776 | 6/11/2014 | 0.48 | GENERAL | DO NOT USE - delivery, postage, copies, telephone | U.S. Postmaster | POSTAGE DETAIL |
| 638620 | 307776 | 2/8/2016 | 5.60 | POSTAGE | postage and other shipping fees - reimbursable | Endicia | '9405510200882909535847' - Priority Mail Flat Rate Envelope; Delivery Confirmation |
| 638619 | 307776 | 2/8/2016 | 5.60 | POSTAGE | postage and other shipping fees - reimbursable | Endicia | '9405510200881909485459' - Priority Mail Flat Rate Envelope; Delivery Confirmation |
| 546687 | 307776 | 10/9/2014 | 285.50 | RECORDS | Medical-Billing Records (Taxable Cost) | Rapid Records Retrieval, L.L.C. | *106097* East Paulding Primary Care |
| 531369 | 307776 | 7/10/2014 | 213.50 | RECORDS | Medical-Billing Records (Taxable Cost) | Rapid Records Retrieval, L.L.C. | *103953* WellStar Kennestone Hospital |
| 530936 | 307776 | 6/24/2014 | 227.86 | RECORDS | Medical-Billing Records (Taxable Cost) | Rapid Records Retrieval, L.L.C. | *103513* Rite Aid Corporation |

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Trustee's Application for Final Compensation of Special Counsel and Request for Authorization to Pay Compensation and Reimbursement of Expenses* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Roger Carroll Burgess
2612 Leland Drive
Augusta, GA 30909

Wendy C. Elsey
Matthews & Associates
2905 Sackett Street
Houston, TX 77098

Peter de law Cerda
Freese & Goss
3031 Allen Street, Suite 200
Dallas, TX 75204

Jeremy Shafer
J.Shafer Law
1010 Turquoise Street, Suite 201
San Diego, CA 92109

This 17th day of September, 2021.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

17068806v1