UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION OF ARNALL GOLDEN GREGORY LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**" or "**Estate**") of Roger Carroll Burgess ("**Debtor**"), and, under 11 U.S.C. § 330 and Bankruptcy Rule 2016, applies for allowance of compensation and reimbursement of expenses. AGG seeks allowance of compensation in the amount of $5,490.50[1] and reimbursement of expenses in the amount of $9.09 for the period of February 24, 2021 through and including January 18, 2022. In support thereof, AGG respectfully shows as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] In the exercise of its billing judgment, AGG has voluntarily reduced the 2021 billing rate of Michael J. Bargar from $565.00 to $492.50 per hour. It has also set his 2022 rate at $492.50 (AGG's 2022 rates have not been set, yet, but this is a reduction of at least $75.00 per hour), and it has reduced the 2021 rate of Meghan J. Wells from $325.00 per hour to $270.00. In addition, AGG has not charged or written-off numerous time entries of its attorneys and paraprofessionals.

17641327v1

## Background

*a. General Background*

1.  On August 28, 2017 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, and initiated Case No. 17-64941-SMS (the "**Bankruptcy Case**" or "**Case**").

2.  Trustee was thereafter appointed and remained the duly acting Chapter 7 trustee in this Case. On September 22, 2017, the Case was dismissed for Debtor's failure to pay filing fee. [Doc. No. 12]. On October 6, 2017, the Court entered an Order vacating the dismissal and extending the deadline to object to discharge and dischargeability. [Doc. No. 18].

3.  On August 2, 2018, the Court entered an order discharging Debtor and closing the Bankruptcy Estate. [Doc. No. 39].

4.  On January 20, 2021, Nancy J. Gargula, the then acting United States Trustee for Region 21, filed a *Motion to Reopen* after the Trustee was contacted by an attorney representing the Debtor in a product liability case (the "**Litigation**") and regarding a proposed settlement and a proposed net payment to the Debtor (the "**Settlement**") regarding a pre-petition product liability claim (the "**Claim**"). On January 21, 2021, the Court granted the Motion to Reopen the Case. [Doc. No. 42].

5.  Trustee was thereafter reappointed the Chapter 7 trustee in the Case. [Doc. No. 49].

6.  On February 25, 2021, Trustee filed an application to employ AGG as his attorneys. [Doc. No. 60]. On February 26, 2021, the Court entered an Order [Doc. No. 62] approving the employment of AGG as counsel for Trustee.[2]

---

[2] At the outset of the Case, it was Trustee's business judgment that he needed to employ counsel in this matter. *See e.g., McConnell*, 2021 WL 203331, at * 15 (Bankr. N.D. Ga. January 4, 2021) (Bonapfel, J.) (stating "trustees exercise discretion in the administration of estates, and bankruptcy courts properly defer to their business judgment in determining how to perform their

17641327v1

**Narrative Summary of Services Performed**

*A. General Background Information*

7.      Trustee and his professionals have undertaken extensive investigation, identification, and liquidation of an asset of the estate, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totaled approximately $115,000.00.

8.      Trustee and his professionals created this estate after reaching a settlement (that was approved by the Court) of the Litigation involving the Claim.

9.      As a result of these efforts, Trustee and his professionals will make a substantial distribution to unsecured creditors, if not pay them in full.  Trustee and his professionals have achieved good results in this Case.

*B. Summary of Fee Application*

10.     For the period from February 24, 2021 through and including January 18, 2022, and the close of the Case (the "**Application Period**"), AGG seeks compensation in the amount of $5,490.50 and reimbursement of expenses in the amount of $9.09.

11.     If the Court grants the compensation requested in this Application, and after payment of other allowed administrative expenses, AGG estimates that there will be sufficient funds in the estate for Trustee to make a meaningful distribution to unsecured creditors (if not pay them in full).  This is a good result.

---

duties."). The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court [or any other interested party] would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other."  *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).

17641327v1

12. AGG has expended a total 12.70 professional hours in performing services for Trustee. Based on requested fees of $5,490.50, this results in a blended hourly rate of approximately $432.00 per hour.

### C. The Claim and the Settlement

### 1. The Claim and Employment of Special Counsel

13. At the commencement of the Bankruptcy Case, a bankruptcy estate was created for under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property acquired after commencement of the case. 11 U.S.C. § 541(a)(1) and (7) (2017).

14. The Claim is property of the Bankruptcy Estate.

15. On May 13, 2021, Trustee filed *Trustee's Motion for Appointment of Special Counsel* [Doc. No. 68], and the Court entered an *Order* [Doc. No. 69] on May 14, 2021, authorizing the retention of Matthews & Associates; Freese & Goss; and J. Shafer Law (collectively, "**Special Counsel**") as special counsel for Trustee.

### 2. Disallowance of Debtor's Scheduled Exemption in the Claim

16. On April 8, 2021, following an objection by Trustee, the Court entered an order allowing Debtor a claimed exemption in the Claim in the amount of $21,160 (the "**Exemption**"). [Doc. No. 66].

### 3. The Settlement

17. The Court approved the settlement of the Litigation that included a gross settlement award of approximately $115,000.00 (the "**Settlement**"). *See* [Doc. No. 42].

17641327v1

18. As a result of the Settlement, and after payments authorized by the Court, the Bankruptcy Estate has available for distribution under 11 U.S.C. § 726 sufficient funds for Trustee to make a substantial distribution (if not payment in full) of the timely filed, non-priority, general unsecured claims in this Case.

19. AGG provided legal services to Trustee at each stage of this Case and in ushering it to its current posture.[3]

20. Exhibit "A," attached hereto and incorporated herein by reference, provides additional detail regarding AGG's rendition of services to Trustee.

21. Exhibit "B," attached hereto and incorporated herein by reference, consists of the résumés of AGG's attorneys charging for his or her services on behalf of the Trustee in this Case.

---

[3] Importantly, a person rendering legal services in this Court must have a bar license. *In re Loveless Babies, Jr.*, 315 B.R. 785 (Bankr. N.D. Ga. 2004) (Bonapfel, J.) (stating "persons practicing bankruptcy law in Georgia are subject to its rules of professional responsibility, . . . and persons providing legal services with regard to bankruptcy matters without a license are engaged in the unauthorized practice of law. . . . Georgia's exercise of authority in this regard is consistent with the general principle that the states may regulate and license the practice of law *even if the legal services involve matters of federal law*.") (emphasis added) (internal citations omitted); *see also* BLR 9010-1 and 9010-2 (providing that only lawyers may be admitted to practice in this Court, whether being admitted as a member of the bar of the District Court or *pro hac vice*); DLR 83.1 (requiring that a person be a member of the Georgia bar to be admitted to the District Court bar). Moreover, because Trustee is not a lawyer, all legal work was required to be completed by a lawyer. *See In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "*trustees are not attorneys* (not even when it is an attorney functioning as the trustee.")) (emphasis added); *see also J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (finding that a trust is an artificial entity that can only act "through agents, cannot appear *pro se*, and must be represented by counsel."); *Hays v. Hamblen Family Revocable Trust (In re Hamblen)*, 360 B.R. 362, 368 (Bankr. N.D. Ga. 2006) (Bihary, J.) (holding that in a federal court, like the bankruptcy court, trusts are an artificial entity that cannot appear *pro se*), *accord Shuman v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 19276, 2013 WL 12098818, at * 6, (N.D. Ga. January 29, 2013).

17641327v1

**Particulars about the Application**

22.  This application for allowance of compensation and reimbursement of expenses is the first application AGG has filed in this Case.

23.  Pursuant to the provisions of 11 U.S.C. §§ 330 and 331, AGG files this application in which it seeks compensation for services rendered as counsel for the Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from February 24, 2021 through and including January 18, 2022.

24.  For the period covered by this application, AGG's attorneys and legal assistants have devoted a total of not fewer than 12.70 hours in rendering services in this Case. A summary of hours spent by each attorney or paraprofessional is attached at page 4 of Exhibit "A."

25.  With respect to the services, which have been provided by AGG in this Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate. AGG shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $5,490.50.[4]

26.  AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 bankruptcy cases.

---

[4] As set out above, in the exercise of its billing judgment, AGG has voluntarily reduced the 2021 billing rate of Michael J. Bargar from $565.00 to $492.50 per hour. It has also set his 2022 rate at $492.50 (AGG's 2022 rates have not been set, yet, but this is a reduction of at least $75.00 per hour), and it has reduced the 2021 rate of Meghan J. Wells from $325.00 per hour to $270.00. In addition, AGG has not charged or written-off numerous time entries of its attorneys and paraprofessionals.

17641327v1

27. AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases. The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

28. AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience, and reputation in cases of similar complexity and size in the geographic area in which it practices and in cases not proceeding under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3)(F) (2017); s*ee also In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 849 (3rd Cir. 1994) (citing to legislative history related to 11 U.S.C. § 330, adopted in 1978, for the proposition that "The unambiguous policy inspiring § 330(a), expressed most clearly [by Congress], is that *professionals and paraprofessionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts*.") (emphasis added).

29. AGG shows that all services for which compensation is requested have been actually provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Case and for the benefit of the Debtor's Bankruptcy Estate and creditors.

30. AGG submits that it is entitled to allowance of compensation in the amount of not less than $5,490.50 of fees that arose based on a "lodestar" calculation of reasonable hourly rates

17641327v1

multiplied by the number of hours actually expended, as summarized on Exhibit "A." AGG shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below. The following summarizes the application of the *Johnson* factors to this Case:

(a) *Time and labor required*: AGG has expended a total of 12.70 attorney and paraprofessional hours during the Application Period. The legal issues presented by this Case have required much time and attention, on a timely basis.

(b) *Novelty and difficulty of the legal questions*: This Case has involved numerous issues which are discussed, in part, in Exhibit "A," the narrative description of services provided and earlier in this Application. These legal issues presented somewhat novel issues that required a substantial amount of time and effort to resolve.

(c) *Skill required performing the legal services properly*: Trustee chose AGG because AGG has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Case. AGG submits that this Case has required extensive skill and experience.

(d) *Preclusion of other employment due to acceptance of this Case*: Time and attention were necessarily and properly devoted to this Case. The extent and nature of the time and attention limited the capacity of the attorneys involved in this Case to handle other matters.

17641327v1

(e) *Customary fee for similar work in the community*: AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f) *Whether fee is fixed or contingent*: This is not a contingency fee case except that there would be no estate and no chance of payment of professionals without the actions undertaken to bring funds into the Bankruptcy Estate. As a result, AGG was at a significant risk of not being paid until Trustee was able to settle the Litigation. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors. Time was charged at hourly rates for attorney time. Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, the time constraints imposed by the client or the circumstances, and the rates of lawyers of reasonably comparable skills, experience, and reputation in non-bankruptcy matters of similar complexity and size. AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the attached expense description included in Exhibit "A." The compensation AGG is seeking to be paid in this Case, subject to Court approval under 11 U.S.C. § 330, is based on hourly rates.

(g) *Time limitations imposed by the clients or circumstances*: The time limitations were the normal ones in a Chapter 7 case.

(h) *Amount involved and results obtained*: AGG has assisted Trustee to create an estate of approximately $115,000.00. If the Court grants the compensation requested in this

17641327v1

Application, and after payment of other administrative expenses, Trustee will make a meaningful distribution to holders of allowed unsecured claims.

        (i)  *Experience, reputation, and ability of attorneys*: AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Case and AGG has developed a reputation for such ability and experience.

        (j)  *Undesirability of the Case*: When Debtor filed this Case, there were no funds in the Bankruptcy Estate from which to compensate AGG, so AGG was at risk of non-payment absent a successful outcome in the Litigation. In this regard, like almost every Chapter 7 trustee representation, the matter was undesirable.

        (k)  *Nature and length of the professional relationship with the client*: This is not a factor in this Case.

        (l)  *Awards in similar cases*: AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

        (m)  *Other factors*: In the course of preparing this application, AGG reduced or eliminated certain time entries for the fees of its attorneys and paraprofessionals.

31.  Any compensation awarded by the Court will not be shared except among AGG's members and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Case.

32.  AGG shows further that it has incurred $9.09 in out-of-pocket expenses in this Case. The expenses incurred were actual, necessary expenses which are reasonable given the size of this Case and the unavoidable costs of administration and coordination of service of notices and other documents. Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

17641327v1

33. Trustee has reviewed this Application and has approved the requested amount.

34. AGG requests that this Application and attached exhibits be admitted into evidence at any hearing on this Application.

35. Based on the foregoing, AGG seeks allowance of $5,490.50 as compensation and $9.09 in reimbursement of expenses.

36. AGG requests that this Application be granted.

WHEREFORE, AGG respectfully prays:

(a) That AGG be allowed compensation in the amount of $5,490.50 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period February 24, 2021 through and including January 18, 2022;

(b) That AGG be allowed the sum of $9.09 for the reimbursement of expenses incurred in this Case for the period February 24, 2021 through and including January 18, 2022;

(c) That the Court grant the compensation and reimbursement of expenses sought herein and authorize payment as Chapter 7 administrative expenses and that the award be made final; and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 18th day of January, 2022.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:   */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709
      michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

17641327v1

# EXHIBIT "A" FOLLOWS

17641327v1

**Arnall Golden Gregory LLP**

**Greg Hays, Trustee in Bankruptcy**  
**Hays Financial Consulting, LLC**  
**2964 Peachtree Road, NW**  
**Suite 555**  
**Atlanta, GA 30305**

January 14, 2022  
Invoice #853200  
Neil C. Gordon

**For Legal Services Rendered In Connection With:**

**Client/Matter #22151-192**  
**Burgess, Roger Carroll (Case No. 17-64941-SMS)**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 02/24/21 | M. Bargar | 1.00 | 492.50 | 492.50 | Draft AGG employment application (.9); draft correspondence to Trustee regarding same (.1) |
| 02/25/21 | C. Stewart | 0.50 | 0.00 | 0.00 | (No Charge) Prepare Application to Employ for filing; file and serve same; prepare draft of Order; upload same |
| 02/25/21 | M. Wells | 1.00 | 270.00 | 270.00 | Draft objection to exemptions (.8) and notice of hearing of same (.2) |
| 02/25/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Edit objection to exemptions (.2); draft correspondence to Trustee regarding same (.1) |
| 03/31/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Attend hearing on objection to exemptions (.1); draft correspondence to Trustee regarding same (.1) |
| 05/05/21 | M. Bargar | 1.10 | 492.50 | 541.75 | Draft application to employ special counsel (.9); draft correspondence to Trustee regarding same (.2) |
| 05/12/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Draft correspondence to to-be-proposed special counsel regarding redaction of engagement letter and disclosure of name or product of defendant (.1); edit and revise employment application (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-192**

January 14, 2022
Invoice #853200
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 09/13/21 | M. Bargar | 2.70 | 492.50 | 1329.75 | Draft settlement motion (1.1); draft special counsel fee application (.6); draft correspondence to Trustee regarding same (.1); draft correspondence to Special Counsel regarding special counsel fee application and related issues (.3); draft responsive correspondence to Wendy Elsey at Special Counsel regarding same (.2); edit and revise settlement motion and special counsel fee application regarding same (.4) |
| 09/15/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Draft correspondence to Trustee regarding revised settlement motion and fee application following additional information regarding same (.1); draft correspondence to Wendy Elsey, special counsel, regarding drafts of fee application and settlement motion for her review to verify no disclosure of confidential information (.1) |
| 09/17/21 | M. Bargar | 0.50 | 492.50 | 246.25 | Edit and revise special counsel fee application to deal with expense reimbursements and non-disclosure of type of product |
| 09/20/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Draft notice of pleading re settlement motion and special counsel fee app |
| 09/20/21 | C. Stewart | 0.50 | 0.00 | 0.00 | (No Charge) File and serve Notice of Hearing in connection with Application for Compensation and Motion to Approve Settlement Agreement; prepare and file certificate of service |
| 10/18/21 | M. Bargar | 0.90 | 492.50 | 443.25 | Draft settlement order (.5); draft fee application order (.4) |
| 11/05/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Draft correspondence to Trustee in response to his inquiry regarding payment of settlement funds |
| 11/17/21 | M. Bargar | 0.10 | 0.00 | 0.00 | (No Charge) Draft correspondence to Trustee regarding AGG fee application |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-192**

January 14, 2022
Invoice #853200
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|------------|-------|------|--------|-------------|
| 12/01/21 | M. Bargar | 1.50 | 492.50 | 738.75 | Draft correspondence to Trustee regarding alleged legal issue with filed claims and objection to same (.2); legal research regarding same (.5); draft correspondence to Trustee regarding same (.2); continue to legal research regarding same and debtor's standing to object (.4); draft correspondence (x2) to Trustee regarding same (.2) |
| 12/10/21 | M. Bargar | 0.50 | 492.50 | 246.25 | Draft correspondence to Trustee regarding objection to claims and related issues including legal basis for same (.1); telephone call to Trustee regarding same (.3); draft correspondence to Trustee regarding same (.1) |
| 01/14/22 | M. Bargar | 1.00 | 492.50 | 492.50 | Draft AGG final fee application (.6); estimated time to draft proposed order on TFR and final fee apps (.4) |

|  |  |
|--|--|
| **Total Hours** | **12.70** |
| **Total For Services** | **$5,490.50** |

**EXPENSES**

| | |
|--|--|
| POSTAGE | 9.09 |
| **Total Expenses** | **$9.09** |

|  | Fees | Disbursements | Total |
|--|------|---------------|-------|
| CURRENT CHARGES: | 5,490.50 | 9.09 | 5,499.59 |
| Total Balance Due: | 5,490.50 | 9.09 | 5,499.59 |
|  |  | **Total This Statement** | **$5,499.59** |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-192**

**January 14, 2022**
**Invoice #853200**
**Neil C. Gordon**
**Page 4**

### Attorney and Paralegal Summary

| Name | Year | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Bargar, Michael J. | 2021 | 492.50 | 9.60 | 4,728.00 |
| Bargar, Michael J. | 2022 | 492.50 | 1.00 | 492.50 |
| Wells, Meghan J. | 2021 | 270.00 | 1.00 | 270.00 |
| | | **Total** | **12.70** | **$5,490.50** |

**EXHIBIT "B"**

**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500

**PARTNER**

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustee for the Northern District of Georgia. Fellow, American Bar Foundation.

**ASSOCIATE**

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

17641327v1