UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**STATEMENT OF AUTHORITY FOLLOWING HEARING**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Roger Carroll Burgess ("**Debtor**"), by and through undersigned counsel, and respectfully shows the Court as follows:

1. At the hearing on Trustee's final report and the fee applications of professionals [Doc. Nos. 85, 85-1, 85-2, and 85-3], counsel for Trustee stated that the recent trend in cases is that trustees are entitled to the full commission provided under Section 326 of the Bankruptcy Code, unless there are extraordinary circumstances.

2. The Court asked counsel for citations in this regard, and the following are responsive to the Court's request:

    a. *Hopkins v. Asset Acceptance LLC, et al. (In re Salgado-Nava)*, 473 B.R. 911, 921 (9th Cir. BAP 2012) (stating "*absent extraordinary circumstances*, bankruptcy courts should approve chapter 7, 12 and 13 trustee fees without any significant additional review") (emphasis added);

    b. *In re Geoffrey A. Rowe*, 750 F.3d 392, 394 (4th Cir. 2014) (holding, "that, *absent extraordinary circumstances*, Chapter 7 trustees *must be paid on a commission basis*, as required by 11 U.S.C. 330(a)(7).") (emphasis added);

17974275v1

    c. *Mohns, Inc. v. Lanser*, 522 B.R. 594, 596 (E.D. Wis. 2015), *aff'd sub nom In re Wilson*, 796 F.3d 818 (7th Cir. 2015) (stating "[i]t is generally understood that reasonable compensation [for trustees] in asset cases is intended to serve, in part, as compensation for the trustee's work in no-asset cases."); and

    d. *Lejeune v. JFK Capital Holdings, LLC, et al. (In re JFK Capital Holdings, LLC)*, 880 F.3d 747, 756 (5th Cir. 2018) (approving the reasoning of the court in *Mohns Inc.* (cited above) and stating "[w]hile we recognize that Section 330 still allows a reduction or denial of compensation, <u>this should be a rare event</u>. We acknowledge that exceptional circumstances can alter the compensation, but <u>*'exceptional' is the key*</u>. The commission-based framework established by Congress facilitates more efficient Chapter 7 trustee compensation in the courts <u>*by placing the burden on the trustees to avoid wasting resources*</u>, as their commission remains the same regardless of potentially duplicative or unnecessary services") (emphasis added).

3.     In addition, regarding counsel's statement that a Chapter 7 trustee has an affirmative duty to prepare and file tax returns on behalf of a bankruptcy estate, the United States Trustee Handbook provides:

> The trustee has an obligation to file appropriate tax returns and pay tax liabilities on behalf of the bankruptcy estate. <u>Failure to file</u> or pay taxes <u>could result in penalties and interest</u> which will reduce the amounts paid to creditors <u>and may subject the trustee to personal liability</u>. . . Sections 346 and 505 of the Bankruptcy Code, along with 28 U.S.C. § 960 and 26 U.S.C. §§ 1398 and 1399 (the Internal Revenue Code), set forth special tax provisions with which the trustee should be familiar. These sections generally provide that the trustee must prepare and file appropriate income tax returns for the bankruptcy estate and pay post-petition taxes as they become due.

Handbook for Chapter 7 Trustees, Office of the United States Trustee, Section 4.C.5).a. as found at https://www.justice.gov/ust/page/file/762521/download as downloaded on April 4, 2022. (emphasis added).

17974275v1

4.	Through this bankruptcy case, Debtor has discharged over $30,000.00 of scheduled debts, and, if the Court approves Trustee's proposed distribution, he will receive approximately $30,000.00 from Trustee's administration of the underlying product liability claim (i.e., a $21,160.00 exemption plus a proposed surplus distribution of $8,985.93).

5.	As the Court is well aware, it is a rare Chapter 7 case in this District that results in a distribution to creditors, and it is an even rarer Chapter 7 case that results in a trustee paying 100% of timely and untimely filed claims and then making a surplus distribution to a debtor. This is exactly what Trustee is proposing to do here. In addition, following appropriate authority from the Court, Trustee has paid over $9,000.00 of Debtor's medical liens, over $11,000.00 for the costs and expenses associated with the product liability litigation, and over $46,000.00 to his special counsel for their allowed fees. Trustee's proposed commission of $7,528.17 is the statutory commission provided by Section 326 of the Bankruptcy Code that results from the over $115,000.00 that he administered in this matter.[1]

6.	In short, Trustee has achieved excellent results in this matter, and Debtor has received the fresh start that the Bankruptcy Code promises. This is not the "extraordinary" or "exceptional" case that justifies a reduction of Trustee's commission.[2]

---

[1]	Importantly, in the settlement motion, which was granted by the Court, Trustee requested "authority for the Settlement Fund Trustee, on behalf of the Trustee or as a constructive distribution under 11 U.S.C. §326, to pay the above noted fees and costs, including the medical liens." [Doc. No. 72 at page 5 of 9]; *see also* [Doc. No. 81]. In short, in a complicated settlement of muti-district ligation like occurred here, it becomes impractical (if not impossible based on the underlying district court order) to cut checks back and forth between the trustee, the special master, and the special counsel (and, doing so, opens the door for errors and mistakes that can be very expensive to correct). So, Trustee intentionally sought and received authority that all distributions made be considered constructive distributions on his behalf.

[2]	The facts of this matter are drastically different from the facts of one of the cases that Debtor cited at the hearing on the fee applications (*In re DeGroof*—counsel for Trustee did not catch the citation for the other case that Debtor cited). In that matter, the trustee was proposing

17974275v1

7. To the extent that the Court determines that, based on the record before it, it is appropriate to reduce Trustee's commission, Trustee respectfully requests that he have the opportunity to put up evidence regarding the many tasks that he performed as trustee in this matter.

Respectfully submitted this 4th day of April, 2022.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:   /s/ *Michael J. Bargar*
     Michael J. Bargar
     Georgia Bar No. 645709
     michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

---

to pay over 80% of the $12,000.00 gross that he had collected to himself and his attorneys, and the court took issue with this large percentage of the gross recovery going to professionals. *In re Degroof*, 2008 WL 4560088 (E.D. N.Y. September 29, 2008). That is not at all what is happening here. And, based on the above cited opinions by the 9th Circuit BAP, the 4th Circuit, the 7th Circuit, and the 5th Circuit, it appears that the court in that matter may have applied the incorrect legal standard.

17974275v1

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18, and that on this date I caused to be served true and correct copies of the forgoing ***STATEMENT OF AUTHORITY FOLLOWING HEARING*** by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Roger Carroll Burgess
2612 Leland Drive
Augusta, GA 30909

Dated: April 4, 2022.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar. No. 645709

17974275v1