17-64941-sms

Roger C. Burgess, Pro Se
2612 Leland Drive
AUGUSTA, GA 30909
4048090288 |
RCBURGESSGA@GMAIL.COM

UNITED STATES BANKRUPTCY COURT

NORTHHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk
APR 12 2022
By:_____
Deputy Clerk

IN RE:

ROGER CARROLL BUGRESS,

    Debtor,

Case No.: 17-64691-SMS

REPLY TO STATEMENT OF AUTHORITY
FOLLOWING HEARING ON REDUCTION OF FEES

COMES NOW ROGER C. BURGESS, Debtor Pro Se respectfully shows the Court the following case law as to the argument presented at the time of the hearing held on 03/31/2022:

1) At the hearing on the Trustees final report and the fee applications of professionals [DOC. 85, 85-1, 85-1 AND 85-3], counsel admitted d that under Section 326 of the bankruptcy Code that the COURT has the authority to reduce fees if there are extraordinary circumstances. The statement holds to the argument of the Debtor that this case is exceptional because the Trustee did little to no work on the case. Since the trustee's fee is considered commission under the bankruptcy law, in cases such as this, where the commission is very large in comparison to the work required, the court may award a fee less than the maximum allowed. Under section 330 the compensation is fixed, however courts have reduced those fees when the workload preformed did not meet the term "*reasonable compensation*". *In re Scoggins,* 517 B.R.206,214 (Bankr. E.D. Cal. 2014), Courts have declined to presume that Section 326(a) are reasonable, concluding that the Court has discretion to award reasonable compensation *only* for actual and necessary services and may award a lower fee requested by the trustee.

The trustee did not pursue and convert property for the surrender of the estate and only received funds after the counsel for the tort case was diligent in their researching to see if the Debtor had filed bankruptcy with in the last 7 years. Upon finding a Chapter 7 case was closed and discharge was granted the tort claim administrator, Mathews and Associates, hereafter referred to as counsel of the Debtor on the tort claim contacted the listed Trustee and commenced to establish a dialog as to the handling of the case. There where no extraordinary

REPLY TO STATEMENT OF AUTHORITY FOLLOWING HEARING ON REDUCTION OF FEES - 1

circumstances beyond the normal duties of the Chapter 7 Trustees daily day to day operations and the handling of the case. The tort case was already adjudicated and the funds for the case were held in trust till the Court released those funds. If the trustee had devoted time to "'research the case" as part of his duties, he would have seen that there was a pending case in federal court titled *Burgess v. AbbVie INC.* dated Nov. 30th, 2015. This shows that the trustee did not do his assigned duties.

   The trustee has duties to object to claims made if there was a chance of recovery of funds for the estate were found. In the special counselors awarded fees, there where liens associated with the tort claim. The trustee should have objected to those medical liens and fees associated with them that totaled the amount of $9,409.78 instead he asked the Court to release funds as filed with the Court.

   There were only 4 creditors who filed claims with the Trustee and 2 of those claims where past the bar date. The Trustee did not only allow those claims, he did not object to the claims even after Mr. Burgess raised valid objections and ask him to do object and reject those claims specifically numbers 3 Carlos Basto in the amount of $1836.12 a case in the Magistrate Court of Dekalb County which was a landlord/tenant past due rent case that was offset by a security deposit held by Mr. Basto in the amount of $750. Under OCGA 44-7-34 (a) Return of security deposit therefore reducing the amount that he could claim. The Proof of claim filed was void of any supporting documentation as required by Rule 3001, Proof of Claim ( c )(2)(a) and the Trustee should have objected to the claim as part of his duties per 11 U.S.Code 704 (a) (5).

The claim number 4-1 Atlanta Diabetes and Associates in the amount of $577.75 , was filed after the bar date set by the Court and there again was allowed by the trustee when it was his assigned duty to object to the claim.

Under section (d) titled Trustees objections i) Deadline to file proof of claim (1) The bankruptcy court has no general equitable power to allow late proofs of claim, no matter how worthy the merits of the creditor's claim. *Matter of Greenig,* 152f. 3d 631,635 (7th Cir.) 1998. Failure for the trustee to do his duty has cost the estate $2413.87.

   The Trustee also states that he received and distributed funds for the case. In this case the funds where disbursed by the tort claim administer and no checks were written by the Trustee to date.

   In the matter of the requested fees for the Accountant, The Trustee hired his firm and used 6.4 hours of billable time for work that was easily done under his normal duties. Under the Doc 85-3 (10) the trustee states " The services of the Applicant during the Application Period" included "analysis of the bankruptcy estates

REPLY TO STATEMENT OF AUTHORITY FOLLOWING HEARING ON REDUCTION OF FEES - 2

transactions, research tort liability claim to determine taxability of settlement". A simple Google search would have shown case law and IRC that shows the estate has no tax liability income.

The accountant filed a tax package for an Estate that has NO taxable income and by IRS Code and *Publication 908 " For the tax year 2021, the requirements to file a return bankruptcy estate applies only if the gross income is at least $12,500."* Under the section Bankruptcy Estate Income it defines income as " *the gross income of the debtor*" as well as "*income generated by the property of the estate after the commencement of the case."* Under the IRS code, tort claims are not taxable income and the Debtor did not have income to declare and no forms needed to be prepared by the account when the trustee is a proficient in filing these uncomplicated forms and any expense would have been covered under his fees requested, this simple preparation of the form would have been just a matter of entering $0.00 and filing it. The IRS Code Section (IRC)1398 of the Bankruptcy Tax Act of 1980, states " the bankruptcy estate is a new, separate entity, which necessitates the filling of a return *if* the gross income of the estate exceeds the statutory minimum." (Bankr. S.D.Tex 1988). The estate has no income since the tort claim is specifically exempt from tax liability. (IRC Section 61, 104) SECTION 104 explains that gross income does not include damages received on account of personal and physical injuries. The estate has no taxable income and does not meet the threshold to file a tax return. *See, generally,* Richard Finkel, "Bankruptcy's Trustee's Guide to tax Return Filing Requirements," 14 NABalk No/2 (1998)  The accountant has no obligation to file the return, as outlined by the IRC, except to increase the fees paid to the trustees owned companies. The Debtor stands by the objection for a reduction in fees sought by the accounting firm, since the trustee could have done the return himself.

I have attached a copy of written material "Case Law on Trustee Compensation Continues to Evolve After BAPCPA" by Doreen Solomon, Assistant Director, Carrie Weinfeid, Trail Attorney Office of review and Ovesight, for the Courts review.

In re Moon 258 B.R. 828 (Bankr. N.D. Fla 2001) there is a summery issued by the District Court that were filed and handled under the UST out of Atlanta. This caselaw would be an example of reduction based on actual workload and not the Sec. 326 commission rate. It has a title of MEMORANDUM OPIONION ON APPLICATION FOR CHAPTER 7 TRUSTEE COMPENSATION.

In reply to the DOC 87 Paragraph 4. The Debtor was acting as Pro Se and used the listing to list all information found on his current credit report which had several duplicate listing and therefore the claimed discharge amount was closer to $17500. Since it was at the time of filing a no asset case, the trustee did not look at

REPLY TO STATEMENT OF AUTHORITY FOLLOWING HEARING ON REDUCTION OF FEES - 3

the schedules. I contend he only looked for property he could convert and in fact abounded all property that was listed except for the tort claim. If he had worked the case, he would have seen this was the case and would have advised his counsel of such facts. The Debtor was entitled to the listed exemption and those payouts are not subject to creditors claims. Therefore the surplus of $8985.93 is the corrected amount of distribution. Asking for a rounded figure of 84% of the amount that would be awarded to the debtor. That is more than the payout to creditors and 43% of the Debtor's discharges based on the corrected amount of $17500 evaluation.

Debtor submits caselaw that validates his request to lower the fees requested by the trustee from the $7528.17 to the fair and just amount of $3500 for the amount of time and work spent on the case. This was the amount stated at the hearing. The Debtor also ask the court to disallow the accountant fees requested since there was no responsibility to file the estate tax form 1041 and the GA Forms respectively as well as this firm HFC is owned by the trustee and the trustee has professional experience in the matter he hired his own firm to conduct on behalf of the estate. This dual billing of fees are excessive and therefore can be removed by the Court section 330 (a)(1) and (A). A trustee has a fiduciary duty to the estate and the creditors to maximize distribution of assets. Under the 726, all surplus funds shall be returned to the debtor, thus making the debtor a party of interest in the application fees as describe in the summary In re Moon 258 B.R. 828 (Bankr. N.D. Fla 2001). Thus the trustee owed fiduciary duties to the debtor to reduce the cost of the Professional fees by doing the casework himself.

Dated this 12th day of April 2022

Roger C, Burgess, Pro Se

2612 Leland Drive

Augusta, GA 30909

(404) 809-0288

REPLY TO STATEMENT OF AUTHORITY FOLLOWING HEARING ON REDUCTION OF FEES - 4

## Case Law on Trustee Compensation
## Continues to Evolve After BAPCPA

by

Doreen Solomon, Assistant Director
Carrie Weinfeld, Trial Attorney
Office of Review and Oversight

Before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), chapter 7 trustees were required to justify their requests for compensation under 11 U.S.C. §§ 326 and 330(a)(3). Because the factors in section 330(a)(3) are similar to the lodestar factors referenced in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974), there was some debate about whether trustees' fees should be treated as straight commissions or whether they should be approved under the lodestar analysis. BAPCPA made two changes to section 330 that should have eliminated some of this uncertainty. Specifically, Congress amended section 330(a)(3) to clarify that the factors used in that section to determine "reasonable compensation" do not apply to chapter 7 trustees, and added section 330(a)(7), which states the following: "In determining the amount of reasonable compensation to be awarded to a trustee, the court ***shall treat such compensation as a commission***, based on section 326." 11 U.S.C. § 330(a)(7) (emphasis added).

According to section 326, the commission is the amount a court may allow as reasonable compensation under section 330:

> for the trustee's services, ... not to exceed 25 percent on the
> first $5,000 or less, 10 percent on any amount in excess of $5,000
> but not in excess of $50,000, 5 percent on any amount in excess of
> $50,000 but not in excess of $1,000,000, and reasonable compensation
> not to exceed 3 percent of such moneys in excess of $1,000,000, upon
> all moneys disbursed or turned over in the case by the trustee to parties
> in interest, excluding the debtor, but including holders of secured claims.[1]

When read together, Sections 330(a)(3), 330(a)(7) and 326 indicate that the calculation of trustee compensation is based solely upon the percentages set forth in section 326. Nonetheless, many courts continue to evaluate requests for compensation under the pre-BAPCPA standard.

The Fall 2007 issue of *NABTalk* published the NABT's Amicus Brief in support of a Florida trustee's request for compensation in *In re Mack Properties*, 381 F.R. 793 (Bankr.

---

[1] 11 U.S.C. § 326(a).

M.D.Fla. 2007).[2] In appropriate cases, including *Mack Properties*, U.S. Trustees have filed briefs in support of the trustee's position. In its Brief, the NABT quoted the U.S. Trustee Program's position on this issue:

> U.S. Trustees will take the position that, absent extraordinary factors, trustees should be compensated based upon the percentages set forth in section 326.... . U.S. Trustees will not independently require trustees to maintain time records. U.S. Trustees will give full meaning to the Congressional intent that trustee compensation is a commission, and will interpose objections only in unusual circumstances.[3]

The court in *Mack Properties* held that labeling the fee a "commission" does not eliminate the requirement that the court review it for reasonableness under section 330(a)(1).[4] It then decided, without explanation, that of the $39,893.75 requested pursuant to the formula in section 326, $15,000 would be awarded as reasonable.[5]

Since the *Mack Properties* case, there have been five reported decisions in five different judicial districts interpreting section 330(a)(7). A summary of each follows.

*In re McKinney*, 383 B.R. 490 (Bankr. N.D. Cal. 2008) (*McKinney II*) – In *McKinney I*, the court concluded that, while it could no longer apply the lodestar factors to chapter 7 trustees, the term "commission" in section 330(a)(7) could not mean a pure percentage fee because that section also applies to chapter 11 trustees, and under section 330(a)(3) the lodestar analysis still applies to them. Therefore, the court held, calculating a trustee's commission "affirmatively requires consideration of time spent in at least some instances."[6] In *McKinney II*, the court evaluated time records the trustee was directed to submit in *McKinney I*. The court held that section 330(a)(7) creates a presumption that the maximum commission under section 326(a) is reasonable, but the maximum could be reduced if a review of time records and all other relevant facts and circumstances indicate that the amount is disproportionate to the value of a trustee's

---

[2]  Robert C. Furr, "Brief of Amicus Curiae, National Association of Bankruptcy Trustee, in Support of the Trustee's Application for Compensation and Expenses," *NABTalk*, Vol. 23, No. 3, Fall 2007.

[3]  *See Id.* at p. 13 (internal citation omitted).

[4]  Citing *In re Mack Properties, Inc.*, 381 B.R. 793, 798 (Bankr. M.D. Fla. 2007) (quoting *In re Ward*, 366 B.R. 470, 473 (Bankr. W.D. Pa. 2007).

[5]  *In re Mack Properties*, 381 B.R. at 799.

[6]  *In re McKinney*, 374 B.R. 726, 730 (Bankr. N.D. Cal. 2007).

services.[7] The trustee requested $35,891 based on net proceeds of $210,636 from the sale of the debtor's house. The court awarded $15,000, after evaluating the following factors: functions performed by the trustee, results achieved and quality of services performed, risk of nonpayment, activity in the case by other professionals, and time expended and rates charged. These factors are similar to the factors in section 330(a)(3), which the court conceded in *McKinney I* no longer apply to chapter 7 trustees.

*In re Phillips*, 392 B.R. 378 (Bankr. N.D. Ill. 2008) – The court in this case noted that, of the twelve lodestar factors, six appear in section 330(a)(3). According to the court, these six factors may no longer be applied to chapter 7 trustees, but the other six may be considered when reviewing a chapter 7 trustee's request for compensation.[8] The court also rejected the trustee's assertion that, in several post-BAPCPA cases, it was improper for the courts to have considered some or all of the lodestar factors.[9] The *Phillips* court opined:

> Under the present statutory scheme, it is difficult to definitively exercise the Court's discretion absent clear Congressional mandate. Thus, courts will be required to make such fee awards case by case and application by application until higher authority legislates a simpler or mandatory methodology and relieves the bankruptcy courts of this task, or otherwise removes a court's discretion from the calculus.[10]

The court also held that the mandated maximum "commission" under section 330(a)(7) should be awarded only where the trustee does truly excellent work. Otherwise, the court said, trustees should be awarded some lesser amount for very good work, even less where the services are merely average and lesser still for lower levels of performance.[11] The court then assigned "grades" to the third tier of the section 326(a) formula (5 percent of the next $950,000 of amounts distributed). Had the trustee performed "A" or excellent work, he would have earned $34,575.94 at this third tier, but he only performed "very good" work, and thus earned

---

[7] *McKinney II*, 383 B.R. at 494.

[8] *In re Phillips*, 392 B.R. at 385.

[9] The earlier cases are discussed in the NABT's Amicus Brief, see supra note 2, and are: *In re Clemens*, 349 B.R. 725 (Bankr. D. Utah 2006); *In re Ward*, 366 B.R. 470 (Bankr. W.D. Pa. 2007); *Mack Properties* and *McKinney I*. The *Ward* case is currently on appeal before the U.S. District Court for the Western District of Pennsylvania, *Roeder v. No Appellee*, Civil Action No. 08-00071 SJM.

[10] *Phillips*, 392 B.R. at 390.

[11] *Id.* at 391-92.

$27,660.74.[12]

*In re Owens*, 2008 WL 4224530 (Bankr. D. Or., Sep. 15, 2008) – The debtors in this case filed their petition on October 12, 2005, less than one week before section 330(a)(7) took effect. The court held that the new language in that section "does no more than clarify Congress's understanding of section 326," and therefore, should be retroactively applied.[13] It then decided to take an "equitable approach" and reduced the trustee's commission to the extent necessary to give unsecured creditors the amount they lost due to an unexpected secured claim.

*In re DeGroof*, 2008 WL 4560088 (E.D.N.Y., Sept. 29, 2008) - The trustee filed a fraudulent conveyance action against the debtor's former wife after the debtor transferred his interest in real estate to her for $35,000. The adversary proceeding settled for $12,000. The trustee sought a commission of 1,958 and his attorneys sought fees in the amount of approximately $7,610. The United States Trustee filed a statement of no objection to both fee applications. The bankruptcy court found it unacceptable that 80 percent of the recovery would be paid to the trustee and his counsel as administrative expenses. It reduced the trustee's commission to $1,000 and counsel's fees to $2,500. They appealed and argued that the court could not reduce the commission or reasonable attorney fees under sections 330(a)(3)(C) in order to ensure a more proportional distribution of assets.

The district court disagreed. It found that amounts to be awarded under sections 326(a) and 330 are entirely within the discretion of the bankruptcy court. As to section 330, the district court concluded that a court may reduce fees based on a perceived disproportionality between the fees and the amount available for distribution to creditors.[14] The district court did not mention section 330(a)(7) in this case, but held that reducing the trustee's commission in this case was proper because the trustee only attended the 341 meeting and issued four checks and, therefore, did not earn the maximum permitted by section 326(a).

*In re RFS Ecusta, Inc.*, 2008 WL 506287 (Bankr. W.D.N.C., Feb. 21, 2008) – The trustee sought and was awarded $505,264 based on disbursements in excess of $16,000,000, in accordance with the section 326(a) formula. The court held it would review the fee for

---

[12] The court awarded the trustee the full commission amount in the first two tiers of section 326(a) (25 percent of the first $5,000 and 10 percent of the next $45,000), so that the trustee earned a total of $33,410.74.

[13] *In re Owens*, 2008 WL 4224530 at *2.

[14] *In re DeGroof*, 2008 WL 4560088, at *4 (E.D.N.Y., Sept. 29, 2008) (citing *In re Stein*, 2005 U.S. Dist. LEXIS 30278 (E.D.N.Y., March 25, 2005); *In re Mennella*, 2008 WL 222557 (E.D.N.Y., Jan. 24, 2008)).

reasonableness because the case was filed pre-BAPCPA. It also concluded that, with the enactment of section 330(a)(7), "Chapter 7 trustees are no longer subject to Section 330(a)(3), which limits the determination of the amount of 'reasonable compensation to be awarded' based upon 'relevant factors' to 'an examiner, trustee under chapter 11, or professional person.'"

      As evidenced in the summaries above, many courts continue to apply some form of lodestar analysis to requests for chapter 7 trustee compensation. Despite this trend, Program attorneys will continue to file briefs in support of our statutory interpretation that trustee compensation should be treated "as a commission." We welcome your thoughts on this issue, and we urge you to contact us if you have a trustee compensation issue before the court.

## CERTIFICATE OF SERVICE

This is to certify that I, Roger C. Burgess, am over the age of 18, and that on this date I caused to be served true and correct copies of the forgoing *REPLY TO STATEMENT OF AUTHORITY FOLLOWING A HEARING ON REDUCTION OF FEES* by first class United States mail to the following persons or entities at the address stated:

OFFICE of the United States Trustee
362 US Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
HFC, LLC.
2964 Peachtree Road, N.W. Suite 555
Atlanta, GA 30305

ARNALL GOLDEN GREGORY LLP
Michael J. Bargar
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363

Dated: April 12th, 2022

/Roger C. Burgess, Pro Se

