UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-64941-SMS |
| | : | |
| ROGER CARROLL BURGESS, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

### REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S STATEMENT OF AUTHORITY FOLLOWING HEARING

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Roger Carroll Burgess ("**Debtor**"), by and through undersigned counsel, and files his *Reply to Debtor's Response to Trustee's Statement of Authority Following Hearing*, and respectfully shows the Court as follows:

1. At the hearing on Trustee's final report and the fee applications of professionals [Doc. Nos. 85, 85-1, 85-2, and 85-3], counsel for Trustee stated that the recent trend in cases is that trustees are entitled to the full commission provided under Section 326 of the Bankruptcy Code, unless there are extraordinary circumstances.

2. On April 4, 2022, Trustee filed Trustee's Statement of Authority Following Hearing [Doc. No. 87] ("**Statement of Authority**"), showing that every Circuit Court to have considered the issue has found that a trustee's commission is allowed as a commission, absent extraordinary circumstances. *See, e.g., Hopkins v. Asset Acceptance LLC, et al. (In re Salgado-Nava)*, 473 B.R. 911, 921 (9th Cir. BAP 2012); *In re Geoffrey A. Rowe*, 750 F.3d 392, 394 (4th Cir. 2014); *Mohns, Inc. v. Lanser*, 522 B.R. 594, 596 (E.D. Wis. 2015), *aff'd sub nom In re Wilson*, 796 F.3d

18044541v1

818 (7th Cir. 2015); *Lejeune v. JFK Capital Holdings, LLC, et al. (In re JFK Capital Holdings, LLC)*, 880 F.3d 747, 756 (5th Cir. 2018).

3. On April 12, 2022,[1] Debtor filed a response to the Statement of Authority [Doc. No. 88] (the "**Response**"), making numerous statements that are not supported by the record in this matter and statements that are demonstrably false.

4. For example, Debtor claimed that Trustee failed to review claims and breached his fiduciary duty by not objecting to claims that Debtor asserts should not be allowed. [Response, page 2 of 11]. However, Trustee spent a significant amount of time reviewing each of the filed claims, and then he emailed Debtor telling him that Trustee did not see a basis to object and asking for any information that supported Debtor's claims that the claims were not valid claims. In response to Trustee's inquiry, Debtor stated that he did not have any documentation to support disallowance of the claims, that he did not personally intend to object, and that Trustee should proceed with closing the case. A true and correct copy of this email exchange is attached hereto and incorporated herein by reference as Exhibit "A."

5. In addition, for the first time, Debtor cites to *In re Scroggins* for the proposition that a trustee commission can be reduced based on principles of proportionality. [Response, page 1 of 11]. However, as the court in *Mohns, Inc. v. Lanser* stated in directly addressing the flawed reasoning of the court in *Scroggins*, such a read of the Bankruptcy Code is rife with issues. For example, it noted that such reasoning is flawed because it allows the bankruptcy court to replace its concepts of what is fair and reasonable for Congress's desired intent set forth in Section 326. *Mohns, Inc. v. Lanser, 522 B.R.* at 601; *see also Ferguson v. Skrupa*, 372 U.S. 726, 731, 83 S.Ct.

---

[1] Oddly, even though the Clerk of Court marked the Response as filed on April 12, 2022, the envelope attached to the end of the Response shows that it was mailed on April 13, 2022 and scheduled to arrive at the Clerk's office on April 14, 2022.

1028, 10 L.Ed.2d 93 (1963) (stating that the Due Process Clause does not empower the judiciary to "sit as a superlegislature to weigh the wisdom of legislation.") (citation and punctuation omitted); *Olsen v. Nebraska ex rel. Western Reference & Bond Assn.*, 313 U.S. 236, 246, 61 S.Ct. 862, 85 L.Ed. 1305 (1941) (stating "[w]e are not concerned . . . with the *wisdom, need, or appropriateness* of the legislation") (emphasis added).   More specifically, it stated,

> [W]hen a judge reduces commission that he or she deems disproportionate for some reason, the judge necessarily applies his or own conception of how trustees should be compensated rather than any policy adopted by Congress.  The better approach is for a court to simply apply the formula in [Section] 326 and leave it to Congress to amend the statute if it decides that the current system results in overcompensation of Chapter 7 trustees.

*Id.*  It also found that a determination that a commission is disproportionate, as done by the court in *Scroggins*, "is inconsistent with Congress's directive to treat the compensation as a commission."  *Id.*  In other words, considering the amount of a commission that should be allowed after the work is done, is not "usually" the way commission agreements work.  *Id.*  Rather, "such percentages are usually agreed to at the beginning of an engagement, before the actual amount of time spent on the matter could even be known."  *Id.* at 601-602.

6. This Court should follow the reasoning of the court in *Mohns, Inc. v. Lanser*, as well as every Circuit Court to have considered the issue, and not the flawed reasoning of the court in *Scroggins*.

7. As previously stated, Trustee has achieved excellent results in this matter, and Debtor has received the fresh start that the Bankruptcy Code promises. This case is not the "extraordinary" or "exceptional" case that justifies a reduction of Trustee's commission.

8. And, again, to the extent that the Court determines that, based on the record before it, it is appropriate to reduce Trustee's commission or the fees of Hays Financial Consulting,

18044541v1

LLC ("**HFC**"), Trustee respectfully requests that he have the opportunity to put up evidence regarding the many tasks that he performed as trustee in this matter and the work performed by HFC.

Respectfully submitted this 18th day of April, 2022.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:   /s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

18044541v1

**EXHIBIT "A" FOLLOWS**

Case 17-64941-sms    Doc 89    Filed 04/18/22    Entered 04/18/22 15:23:01    Desc Main
Document    Page 5 of 9

18044541v1

From: Greg Hays <ghays@haysconsulting.net>
Sent: Friday, April 15, 2022 3:09 PM
To: Bargar, Michael J. <michael.bargar@agg.com>
Subject: [EXTERNAL] FW: FW: 17-64941-SMS Chapter 7 Burgess


From: Roger Burgess [mailto:rcburgessga@gmail.com]
Sent: Friday, December 10, 2021 12:23 PM
To: Greg Hays <ghays@haysconsulting.net>
Subject: Re: FW: 17-64941-SMS Chapter 7 Burgess

Hi will not file an objection due to I can not find supported documents required for the objection. So procedure with closing is fine.
Thank you

Roger Burgess, NREMT GA & SC


Friday, December 10, 2021, 10:44 AM -0500 from Greg Hays <ghays@haysconsulting.net>:
Mr. Burgess:

I have reviewed the filed claims and see no basis for objections. Below are our notes on the treatment of the claims. If you are in agreement with our review, we will proceed with the preparation of the case closing documents. If you intend to file claim objections, please let us know when you expect them to be filed.

POC # 1 - T Mobile/T-Mobile USA Inc– Allow as filed. No basis for objection. Per proof of claim ("POC"), T-Mobile account opened in year 2013 and supported by POC.

POC # 2 – Figi's Gifts - Allow as filed. No basis for objection. Per POC, 2017 transactions that are supported by POC. Less than scheduled amount of $369.00.

POC # 3 - CARLOS BASTO - Allow as late filed. No basis for objection. Judgment recorded in Dekalb Count for $1,836.12. Debtor scheduled this claim for $1,869.00

POC # 4 - Atlanta Diabetes Associates - Allow as late filed. No basis for objection. Relates to 2016 medical treatments. Claim is supported by POC. Not discharged in Mr. Burgess' 2009 bankruptcy case.


From: Roger Burgess [mailto:rcburgessga@gmail.com]
Sent: Thursday, December 9, 2021 11:36 AM
To: Greg Hays <ghays@haysconsulting.net>
Subject: Re: RE: 17-64941-SMS Chapter 7 Burgess

With regards to claim 3, court documents on file at Dekalb Magistrate court. Claim 4, they had my insurance on file, waited 6 months after I left to bill their services and it was included in a prior bankruptcy filing with my then wife. I listed the claim again because it was listed on my credit report. Most of those first filed listed claims where refilled claims from that bankruptcy case and I had received either a bill or calls because the debt was sold. So I refilled
them on this case so the calls and collections would stop. I will get a copy of the judgement to show his deposit amount as well as where he rented the house within a short time of my moving.
Roger Burgess, NREMT GA & SC


Thursday, December 9, 2021, 11:26 AM -0500 from ghays@haysconsulting.net <ghays@haysconsulting.net>:
What documents do you have on these issues?

These claims can still be allowed as late filed claims and have lower priority.

From: Roger Burgess [mailto:rcburgessga@gmail.com]
Sent: Thursday, December 9, 2021 11:14 AM
To: Greg Hays <ghays@haysconsulting.net>
Subject: Re: 17-64941-SMS Chapter 7 Burgess

Hello.
The objections come to the late claims and their validity. Claim 3 was a judgement on late rent and was offset by the security deposit that was kept by the landlord and not returned. The deposit was for $750.00. Claim 4 was for medical debit to the office and was offset by the insurance on file at the time of service and if I was to jhave paid in cash the amount would have been half of what they are claiming. Also as for them being late, does that not disqualify them automatically since they obviously did not file by the intended time and had plenty of written notice to do so?

On Dec 9, 2021, at 10:34 AM, Greg Hays <ghays@haysconsulting.net> wrote:

Mr. Burgess:

Please let me know if you are going to file claim objections as you suggested below. If you are not filing claims objections, we can proceed with closing the case.

However, if you file objections, we cannot submit the Trustee's Final Report, which will outline how the Bankruptcy Estate funds are distributed, until after the hearing on your claim objections. Once the claim objections are resolved, we can begin the case closing process, which is typically a 60-100 day process.

2

| Claim No. | Claimant Name | Date Filed | Category | Scheduled | Filed |
|---|---|---|---|---|---|
| 1 | T Mobile/T-Mobile USA Inc | 2/11/2021 | Unsecured | $572.00 | $475.25 |
| 2 | Figi's Gifts | 3/10/2021 | Unsecured | $369.00 | $294.85 |
| 3 | CARLOS BASTO | 5/13/2021 | Unsecured – Late | $1,869.00 | $1,836.12 |
| 4 | Atlanta Diabetes Associates | 5/18/2021 | Unsecured – Late | $578.00 | $ 577.75 |
| | | | | $3,388.00 | $3,183.97 |

From: Roger Burgess [mailto:rcburgessga@gmail.com]
Sent: Wednesday, December 1, 2021 9:38 AM
To: Greg Hays <ghays@haysconsulting.net>
Subject: 17-64941 Chapter 7

Hello Greg.
I received notice you needed to be employed for the accounting process. I was wanting to know what the next steps would be to close this case out. My understanding is there are only 4 claims at this time with less than a total amount of $3500 to which I will file objections to 3 of those due to set offs paid already as well as debt sold to others who did not file a new claim by the deadline. I am in need of those additional funds as soon as possible due to the funds I received had to pay for expenses with my insurance company and doctors bills from my surgery and upcoming surgery scheduled for 12/8/21. Thank you for your response and I look forward to hearing from you soon.

Roger Burgess, NREMT GA & SC

_____

Note:
This message and any attachments from the law firm Arnall Golden Gregory LLP may contain CONFIDENTIAL and legally protected information.  If you are not the addressee and an intended recipient, please do not read, copy, use or disclose this communication to others;  also, please notify the sender by replying to this message, and then delete it from your system.  Thank you.

_____

3

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18, and that on this date I caused to be served true and correct copies of the forgoing *Reply to Debtor's Response to Trustee's Statement of Authority Following Hearing* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Roger Carroll Burgess
2612 Leland Drive
Augusta, GA 30909

Dated: April 18, 2022.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar. No. 645709

18044541v1